DA 11-0015

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 136N

STATE OF MONTANA,

      Plaintiff and Appellee,

v.

JERRY LEE KELLER,

      Defendant and Appellant.

APPEAL FROM:     District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC 98-165
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jerry Lee Keller, self-represented, Deer Lodge, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General; Matthew T. Cochenour, Assistant
Attorney General, Helena, Montana

          William Fulbright, Ravalli County Attorney, Hamilton, Montana

Submitted on Briefs:  May 25, 2011
Decided:   June 8, 2011

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Jerry Lee Keller (Keller) appeals from an order of the Twenty-first Judicial District Court, Ravalli County, denying his "Petition for the Remission of Fines/Cost" in which he sought to be relieved of his financial obligations, including restitution, costs, and surcharges. We affirm.

¶3 In 1999, Keller pled guilty to aggravated assault and negligent endangerment after beating and seriously injuring his domestic partner, Suzanne Hirmann (Suzanne). As part of the plea agreement, Keller agreed to pay restitution for Suzanne's medical costs ($9,973.43), the cost of his defense, and other statutory fees. The plea agreement was adopted by the District Court and Keller was sentenced accordingly.

¶4 In 2005, Keller first challenged the restitution portion of his sentence, arguing the District Court exceeded its authority and that restitution can only be included as part of a suspended or deferred sentence. The District Court determined Keller's motion was procedurally barred and lacked merit. We affirmed in *State v. Keller*, 2006 MT 252N, 2006 Mont. LEXIS 476 (October 3, 2006).

¶5 Keller again attempted to eliminate his restitution obligation in February 2010, arguing his obligation should be suspended while incarcerated because it was an unjust and undue burden. The District Court denied Keller's petition.

¶6 Keller's latest challenge to his restitution obligation was raised in October 2010, again arguing he could not meet his obligation and it was unreasonable for the State to collect given the time that has elapsed. The District Court summarily denied Keller's petition. Keller appeals.

¶7 We review the grant or denial of a post trial motion for an abuse of discretion. *State v. Griffin*, 2007 MT 289, ¶ 10, 339 Mont. 465, 172 P.3d 1223.

¶8 A court may require a defendant to pay costs as part of the defendant's sentence. Section 46-18-232, MCA. A defendant sentenced to pay costs, and who is not in default, may petition for remission of payment of costs, and if it appears to the court that requiring payment will "impose manifest hardship on the defendant or the defendant's immediate family, the court may remit all or part of the amount due in costs or modify the method of payment." *Id*. Restitution must be made in full, unless the court finds that "because of circumstances beyond the offender's control, the offender is not able to pay any restitution." Section 46-18-241, MCA.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issue in this case is one of judicial discretion and there clearly was not an abuse of discretion.

Keller's petition does not meet any of the above standards for remission of costs or relief from restitution. It is not unreasonable for the State to continue to collect.

¶10 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ JAMES C. NELSON
/S/ BETH BAKER
/S/ PATRICIA O. COTTER
/S/ JIM RICE

4